IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON TRUMAN CHILDRESS, | ) | CV. NO. 5:14-CV-748-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CRAIG WATKINS et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) DENYING TEMPORARY RESTRAINING ORDER;
(2) DISMISSING COMPLAINT WITH PREJUDICE

      On August 22, 2014, Plaintiff Jason Truman Childress ("Plaintiff")
filed a "Complaint for Temporary Restraining Order, Money Damages, Civil
Rights Violations."  (Dkt. # 1.)  The Court denied Plaintiff's request for a
temporary restraining order that same day and stated that a written order would
follow.  This is that order.  For the reasons that follow, the Court **DENIES**
Plaintiff's Request for a Temporary Restraining Order and **DISMISSES WITH
PREJUDICE** his Complaint.[1]

---

[1] The Court finds this matter suitable for disposition without a hearing.  <u>See</u> W.D. Tex. Local Rule 7(h).

<u>BACKGROUND</u>

On September 10, 2011, City of Dallas Police Department officers initiated a traffic stop a vehicle because the driver failed to wear a seatbelt.  (Dkt. # 1, Ex. 1-2 at 69–70.)  The officers noted a strong odor of freshly burned marijuana emitting from within the passenger compartment of the vehicle.  (<u>Id.</u>)  One of the officers asked Plaintiff, who was sitting in the passenger seat, to exit the vehicle to conduct a search.  (<u>Id.</u> at 70.)  As Plaintiff exited the vehicle, the officer asked him "Is there anything in the vehicle that is yours that I should know about?"  (<u>Id.</u>)  Plaintiff responded, "Yeah, there is a little bit of weed under my seat."  (<u>Id.</u>)  The officer then observed a large white plastic bag wrapped in cellophane under the front passenger seat where Plaintiff had been sitting.  (<u>Id.</u>)  The officer asked Plaintiff, "Is this a freaking brick of weed?"  (<u>Id.</u>)  Plaintiff hung his head and replied, "Yeah, two pounds."  (<u>Id.</u>)  The officers subsequently arrested Plaintiff for felony possession of marijuana (897.1 grams).  ("Compl.," Dkt. # 1 at 10; Dkt. # 1, Ex. 1-2 at 2; Ex. 1-2 at 69.)  Plaintiff alleges that after his arrest, he appeared before a Dallas County magistrate, was offered a plea bargain, and is currently in jail.  (Compl. at 10–11.)

Plaintiff now alleges that Defendants, who are all law enforcement officials of Dallas County, violated his Fourth, Fifth, Sixth, Seventh, and Eighth Amendment constitutional rights.  (<u>Id.</u> at 17–23.)  He also alleges that Defendants

2

breached their fiduciary duties to the public by not complying with state statutes and the U.S. Constitution.  (<u>Id.</u> at 21.)  He requests a temporary restraining order prohibiting his arrest based on an alleged "unlawful and fraudulent" warrant.  (<u>Id.</u> at 23.)  He also requests that Defendants be "enjoined and restrained" "performing searches and seizure without a Fourth Amendment warrant," from "enforcing the Texas Transportation Code," from convening a Grand Jury, enforcing the Texas Controlled Substance Act or Federal Controlled Substance Act, and from carrying and using deadly weapons.  (<u>Id.</u> at 23–24.)  He also seeks a declaratory judgment and damages, including $3,590,552.60, for each day he is in custody.  (<u>Id.</u> at 26.)

DISCUSSION

I.      <u>Denial of Temporary Restraining Order</u>

There are four prerequisites for the extraordinary relief of a temporary restraining order.  To prevail, Plaintiff must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm, for which he has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest.  <u>Clark v. Prichard</u>, 812 F.2d 991, 993 (5th Cir. 1987).  If Plaintiff fails to meet any of the four requirements, this Court cannot grant the temporary restraining order or preliminary injunction.  <u>Id.</u>

3

First, Plaintiff does not address how he would prevail on the merits; rather, he only offers conclusions, averring that because he is being held in custody in violation of his constitutional rights, he is "substantially likely to prevail at trial." (Compl. at 25.)  However, as to Plaintiff's request for injunctive relief, the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971), proves otherwise.  "Under the broad proscriptions of Younger v. Harris and its companion cases, a federal district court presumptively must abstain from granting either injunctive or declaratory relief when state criminal actions or certain categories of state civil proceedings are pending against the federal plaintiff at the time that federal action is commenced." DeSpain v. Johnston, 731 F.2d 1171, 1175 (5th Cir. 1984).  "This doctrine, alternately called abstention or nonintervention, is based on considerations of equity, comity, and federalism." Id. at 1175–76 (citing Younger, 401 U.S. at 43–45).  Federal courts should abstain and dismiss a federal complaint when (1) a state judicial proceeding was ongoing at the time that the plaintiffs initiated the federal action, (2) that proceeding implicated important state interests, and (3) the proceeding presented an adequate opportunity to raise constitutional challenges.  See Middlesex Ethics Committee v. Garden State Bar Assoc., 1982, 457 U.S. 423 (1982).  If each of these inquiries is answered in the affirmative, then the district court must dismiss the federal action and allow the state process to continue.  See Geotes v. Miss. Bd. of Veterinary Med., 986 F. Supp. 1028, 1031

(S.D. Miss. 1997).  In contrast, a federal court should not abstain if (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, or (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it."  Tex. Ass'n of Business v. Earle, 388 F.3d 515, 519 (quoting, inter alia, Younger, 401 U.S. at 53–54).  "The bad faith exception is narrow and is to be granted parsimoniously."  Hensler v. Dist. Four Grievance Comm. of State Bar of Tex., 790 F.2d 390, 392 (5th Cir. 1986) (citing Hefner v. Alexander, 779 F.2d 277 (5th Cir. 1985)).

> Younger abstention clearly applies to Plaintiff's claims for injunctive relief herein.  His claims obviously involve an "ongoing state judicial proceeding" in which there is an important state interest (i.e., the state's enforcement of its criminal laws).  See Milone v. Flowers, 758 F. Supp. 2d 362, 365 (S.D. Miss. 2010).  Moreover, the state proceedings, which include the appeal process, are adequate to redress any alleged constitutional deprivation.  See Cline v. Frink Dairy Co., 274 U.S. 445 (1927) (holding that a criminal defendant can raise federal questions in the state court with the right to appeal to the highest court of the state and to the Supreme Court of the United States).

Regarding the other three prerequisites for a temporary restraining order, Plaintiff wholly fails to address them. Specifically, he fails to a demonstrate a substantial threat of immediate and irreparable harm, for which he has no adequate remedy at law; that greater injury will result from denying the temporary restraining order than from its being granted; and that a temporary restraining order will not disserve the public interest. In sum, Plaintiff has not provided the necessary evidence and legal authority to demonstrate that he is entitled to a temporary restraining order. As Plaintiff has not met all the prerequisites for such relief, the Court **DENIES** Plaintiff's Motion for Temporary Restraining Order.

II.   Plaintiff's Complaint Warrants Dismissal

      A.   Younger Abstention

As discussed above, Plaintiff's claims for equitable relief must be dismissed pursuant to the Younger abstention doctrine. However, as to Plaintiff's request for damages, the Fifth Circuit has held that Younger is not applicable to such claims. See Lewis v. Beddingfield, 20 F.3d 123, 125 (5th Cir. 1994) (citing Allen v. La. State Bd. of Dentistry, 835 F.2d 100, 104 (5th Cir. 1988)). Rather, the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference. Deakins v. Monaghan, 484 U.S. 193, 202 (1988). However, this preference for a stay applies only where there is "no question that [a

6

complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction."  Id. at 204; Marts v. Hines, 68 F.3d 134, 135 & n.5 (5th Cir. 1995).  The Fifth Circuit has interpreted this limitation to mean that a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915.  See Marts, 68 F.3d at 135 & n.5; see also Ballard v. Wilson, 856 F.2d 1568, 1569–70 (5th Cir. 1988) ("[A] federal district court has no discretion to dismiss cognizable claims for monetary relief which cannot be redressed in a pending state proceeding.").

A district court is required to dismiss a prisoner's civil rights complaint if it is frivolous, malicious, or fails to state a claim for relief.  28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is facially plausible if the plaintiff pleads facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A claim is frivolous if it lacks any arguable basis in law or fact.  Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009).

First and foremost, Plaintiff's § 1983 claims are frivolous because they are barred by the statute of limitations.  See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma

7

pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed . . . ."); <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999) (holding that a court "may raise the defense of limitations sua sponte").

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." <u>Piotrowski v. City of Hous.</u>, 237 F.3d 567, 576 (5th Cir. 2001).  In view of Texas' two-year statute of limitations for personal injury claims, Plaintiff had two years from the date that his § 1983 claims accrued to file suit.  <u>Id.</u>; <u>accord</u> <u>Hatchet v. Nettles</u>, 201 F.3d 651, 653 (5th Cir. 2000).  A § 1983 "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this instance, Plaintiff's § 1983 claims fall outside the applicable statute of limitations.  His filings establish that he knew the facts that formed the basis for his claims when he was arrested and detained in September 2010—more than two years ago.  Therefore, the Court may therefore summarily dismiss with prejudice Plaintiff's claims as barred by the statute of limitations.  <u>See</u> <u>Gartrell</u>, 981 F.2d at 256 (holding that a court may summarily dismiss the complaint filed in forma pauperis, if it is "clear" that claims asserted are barred by limitations).

But even if Plaintiff's claims were not barred by the statute of limitations, a cursory examination of Plaintiff's Complaint reveals that his constitutional claims are substantively frivolous. Plaintiff only states that he "has been deprived of the Constitutional protections afforded to them [sic], under the Bill of Rights, particularly the First (1st), Fourth (4th), Fifth (5th), Sixth (6th), Seventh (7th), and Eighth (8th) Articles, thereof." (Compl. at 19.) However, he fails to provide any factual background regarding how—if at all—Defendants have allegedly violated <u>any</u> these rights.

For example, with respect to Plaintiff's First Amendment claim, Plaintiff does not aver any allegation that he engaged in any speech activity protected under the First amendment or that his speech was a substantial or motivating factor in Defendants' decision to charge Plaintiff with felony drug charges. <u>See</u> <u>Harrington v. Harris</u>, 118 F.3d 359, 365 (5th Cir. 1997).

With respect to his Fourth Amendment claim, Plaintiff's deficient pleading is even worse. He does not even explain what <u>type</u> of Fourth Amendment violation occurred (i.e., whether the claim is one for excessive force, illegal search and/or seizure). He only alleges, "Petitioner was searched. Petitioner's property was seized." (Compl. at 10.) Presumably, Plaintiff refers to the seizure of the two pounds of marijuana under his seat in the vehicle he was a passenger in. However, even such a claim fails because as a passenger in the vehicle, he had no reasonable

9

expectation of privacy in the area searched and thus did not suffer any invasion of his Fourth Amendment rights.  See Rakas v. Illinois, 439 U.S. 128, 143–44 (1978) (holding that passengers in a car could not state a claim for a Fourth Amendment violation because they had no legitimate expectation of privacy in the area underneath the passenger seat).

With respect to his Fifth Amendment claim, he only vaguely asserts, "Petitioner was compelled to give witness against himself."  (Id.)  Because he "alleged no circumstances which support [his] contention that [his] fifth amendment rights were violated," this claim is similarly frivolous.  Hallowell v. C.I.R., 744 F.2d 406, 408 (5th Cir. 1984).

He alleges no facts to suggest that his Sixth Amendment rights to a public trial, attorney, impartial jury, or to know the charges against him were violated.  Similarly, he alleges no facts to suggest that his Seventh Amendment rights to a jury trial have been violated.  Ironically, he contends that he was "threatened with trial" if he did not accept the plea agreement.  (Compl. at 10.)

Additionally, Plaintiff cannot state a claim for an Eighth Amendment violation because he is a pretrial detainee and such claims are cognizable only under the Fourteenth Amendment.  See Morrow v. Harwell, 768 F.2d 619, 625–26 (5th Cir. 1985).  But even any Fourteenth Amendment claim is frivolous because

10

Plaintiff does not allege any unconstitutional conditions while during his pretrial detention.  See Cupit v. Jones, 835 F.2d 82, 85 (5th Cir. 1987).

In the absence of any claim that has a plausible, the Court **DISMISSES** Plaintiff's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

### B.     Improper Venue

In addition to finding dismissal warranted because Plaintiff's claims are frivolous, dismissal is also warranted because the Western District of Texas is an improper venue.

In an action not based on diversity, as is the case herein where Plaintiff pleads a federal § 1983 claim, proper venue lies in either "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

Plaintiff filed suit against Defendants Craig Watkins, Lena Levario, Monica Davis, County of Dallas, Mary Suhm, City of Dallas, Dallas Police Department, David Jay Roach, Frank Jesse Rodriguez, John Does 1–10, and Jane Does 1–10.  (Compl. at 6 –9.)  However, Plaintiff does not indicate that any of the

11

Defendants reside in the Western District of Texas—in fact, Plaintiff unequivocally states that each Defendant resides in Dallas, Texas, which is located in the Northern District of Texas.   Therefore, the venue provision in 28 U.S.C. § 1391(b)(1), which holds that venue is proper in a judicial district where any defendant resides if all defendants reside in the same state, directs that proper venue unequivocally lies in the Northern District of Texas.  Moreover, the venue provision in 28 U.S.C. § 1391(b)(2), which provides that a civil action in which jurisdiction is not founded solely on diversity may be brought only in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," also directs that proper venue lies in the Northern District of Texas because Plaintiff unmistakably alleges that all of the events surrounding his claims arose in Dallas County, which is located in the Northern District of Texas.

      If a district court where suit is filed determines that venue is improper, it has discretion to either dismiss the suit, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Finding that venue is improper in the Western District of Texas, the Court **DISMISSES** Plaintiff's Complaint.

CONCLUSION

For the aforementioned reasons, the Court **DENIES** Plaintiff's

Request for a Temporary Restraining Order and **DISMISSES** his Complaint

**WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, August 28, 2014.

_____

David Alan Ezra
Senior United States Distict Judge

13